EOD AUG 28 '02



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JIMMY R. BRIGHAM | § | |
| v. | § | CIVIL ACTION NO. 6:02cv264 |
| STEVEN YATES, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## ON MOTION FOR INJUNCTIVE RELIEF

The Plaintiff Jimmy Brigham, an inmate of the Texas Department of Criminal Justice, Institutional Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On August 21, 2002, Brigham filed a motion for a temporary restraining order. In this motion, he indicates that he has sought issuance of a card showing that he is allergic to peanut butter, which he wants to be able to present to unit officers during a lockdown so that he will not be denied meals. He attaches a copy of a request for such a card; the response to his request was that a card would not be issued, but that Brigham's name was sent to the food service department to make them aware of the problem. The response also noted that if the medical department issued such cards, they could give Brigham one.



Requests for orders of this type are construed as motions for mandatory injunctive relief, and are reviewed on appeal for abuse of discretion. Ruiz v. Estelle, 550 F.2d 238 (1977). The Fifth Circuit has held that a mandatory injunction is appropriate where the currently existing status quo is causing a party to suffer irreparable injury. Canal Authority of the State of Florida v. Callaway, 489 F.2d 567, 576 (5th Cir. 1974). Such mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be granted unless the facts and law clearly favor the moving party. Martinez v. Mathews, 544 F.2d 1233, 1243 (5th Cir. 1976).

In this case, Brigham has failed to show that the facts and law clearly favor his request. The prerequisites for a preliminary injunction are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the nonmovant; and (4) the granting of the preliminary injunction will not disserve the public interest. Libertarian Party of Texas v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984); see Rule 65(b), Fed. R. Civ. P.

A preliminary injunction is typically granted pending trial on the merits to prevent irreparable injury that may result before a dispositive trial. Shanks v. City of Dallas, Texas, 752 F.2d 1092, 1096 (5th Cir. 1985). The granting or denying of a preliminary injunction is within the discretion of the trial court. Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386 (5th Cir. 1984). Since a preliminary injunction is such an extraordinary, and perhaps drastic, remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983).

Here, Brigham has failed to show a substantial likelihood that he will prevail on the merits of his claims, or that he faces a substantial risk of irreparable injury if the requested injunctive relief is not granted. Although his request for a diet card was denied, the response to his request shows that the food service department has been made aware of his problem.

Neither has Brigham shown that the granting of the requested injunctive relief would not disserve the public interest. Such injunctive relief as is sought would represent a very high level of federal interference with the internal operations of a state prison. The Supreme Court has stated that prison administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security. Block v. Rutherford, 468 U.S. 576, 584-85 (1984). Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." Lewis v. Casey, 116 S.Ct. 2174, 2182 (1996), *citing* Bell v. Wolfish, 441 U.S. 520, 562 (1979). Brigham has failed to overcome his onerous burden of proof, and so his requested relief cannot be granted.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for a temporary restraining order, (docket no. 12), filed on August 21, 2002, be denied.

A party's failure to file objections to the findings, conclusions, and recommendations contained in this Report within ten days after service with a copy thereof shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the

unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996) *(en banc)*.

SIGNED this 27th day of August 2002.

Judith K. Guthrie
United States Magistrate Judge